Today is number 152525 United States v. Mark Foley. Good morning Mr. Chief Justice and may it please the court. My name is Hayne Barnwell and I represent Mark Foley today. May I reserve two minutes for rebuttal? Yes. Thank you. Unless the court wishes me to proceed directly into the merits, I was going to first discuss whether the law of the case doctrine applies in this case as the government has argued. The government claims that the law of the case doctrine applies and the seminal case I think we would both agree is United States v. Tishorelli. And I think Tishorelli can be distilled with three main points or three main questions to ask. One is, did the district court make explicit findings or conclusions on the issue? The second is, is this issue in this case regarding the identity of the restitution recipient, is it newly relevant on remand? And the third question that Tishorelli asks is, did the defendant have the incentive to raise this issue on the first appeal? As to the first question, the district court did not make any explicit findings or conclusions as to the identity of the restitution recipient. It made its order provisional. Can we, excuse me, can we agree that every bit of information about the bankrupt status of the victim was known at the time of the first appeal in this case? I believe it would have been available to counsel, yes. Well, yes. And those, we can also agree that in Foley 1, the question of whether this company, TBW, was a victim, at least as to certain of the properties, was directly at issue? Was directly at issue in the district court? Yes. Yes, and on appeal. No, the, I'm sorry, maybe I'm misunderstanding, Your Honor, but the issues on appeal were regarding the award itself, not whether TBW. No, we expressly discussed the question of whether TRW was a victim or not, and we sent it back for certain factual determinations. So now here you are, many years later, with those arguments having been available to you at the time of the first appeal, and suddenly you're making the arguments that could have been made then and should have been made then. I think it's fair to assume that this court assumed that TBW was the restitution recipient. I read the case again, Foley 1 again, I didn't see any explicit finding that TBW was a restitution. But why would that be needed? The question is whether you have the argument available to you, and it should have been made at the time. Well, as this court held in Tishorelli, it's not only an issue, or actually it's not the issue, whether defense counsel had the opportunity to raise it. No, it has to do with incentive. Correct. And for the life of me, I can't see why you didn't have incentive to make all of those arguments at the time. Tishorelli is concerned with the unfairness of vesting on counsel the obligation to make an argument when at the time there was no reason for counsel to make the argument. That's vastly different from this situation. I disagree, because the district court made its order provisional on receiving from the government the restitution recipient. It gave, I'm sorry. If it was going, if the government thought that there should be a different restitution recipient. I think that the order, it expressly directed the government to provide something in writing within 90 days. It didn't say, you know, I'll just keep TBW in place if I don't hear from you. That wasn't the order. But it did put TBW in place. I'm sorry? It didn't leave it open. It didn't say, I don't know who the victim is. Well, actually, that's exactly, I'm going to get to the quote here. The court, this is on page 4 of my brief and it's record appendix volume 2114849. The court, quote, I will provisionally, as the government requests, enter a restitution order of 2,198,204. I say provisionally because I will invoke the authority I have to allow the government in 90 days to answer the question Mr. Goldstein raises, which is, who should this restitution be paid to if, in fact, the mortgage entity no longer exists? And then it goes on to say, well, I just need something. I'm not in the position that this is going to justify whether that is exactly the figure that ought to be ordered or who the beneficiary of any restitution would be. I will then deal with the implications of a restitution order once the government makes that filing. The district court may have said that, but the restitution order that was entered as part of the original judgment ran to TBW. The district court may have regarded that as provisional, but that's what the order said. And you appealed that. So you have a restitution order naming TBW as the victim. You challenged it. The grounds that you'd like us to consider today were all available in support of that challenge. And I don't understand why you haven't foregone the opportunity to raise them now by failing to raise them then. Because, again, the district court did make it explicitly provisional. Why it didn't... That may have been a reason for not appealing or for seeking an extension of the time to appeal until the order firmed up. But you elected to appeal that order. Well, even if this court finds that the defendant did have the incentive to raise it, it would also be manifestly unjust. You're now arguing that the bankruptcy of TBW results in it categorically not being available as the victim. All of those arguments were known and were available to you or your client. I don't know if you were counsel the first time around. Were you? I was not, no. All right. Well, you inherited the case you got. Yes. Every one of those arguments could have been made at the time of the first appeal from an order that names TBW as the victim. We don't encourage piecemeal appeals. And it just seems to me there's nothing unfair in this situation in telling you that you don't get a second bite at the apple. Well, and I guess this court would then have to conclude that the district court somehow abused its discretion in reaching the merits. No, we wouldn't. Well, in any event, I think prior, even if that's true, I think prior appellate counsel was at least rational to read the provisional order as a provisional order. What if in the first appeal we had simply affirmed across the board? Would there have been anything left to do? Maybe I'm being too technical here. But I think I would have had to file a motion to appoint myself to challenge the identity of TBW as the restitution recipient because it would still be an open question, at least according to the district court, as a provisional matter, who is the restitution recipient. No, the question really had to do with ownership of property and the amount of restitution that was owed if TBW was not in fact the owner of particular pieces of property, not its  You're now trying to argue, well, I was just ineligible to have been a victim at all. And in fact, the dispute that the district court was concerned with would not have been of concern to you at all because categorically you would have reached it. So the argument that was made is in fact sort of inconsistent with what you're trying to do now. It's not inconsistent, Your Honor, because it is a mandatory prerequisite to determine who the correct restitution recipient is. And again, the district court made this provisional. In a related case, I mean, maybe what the court should have done was say this is provisional and instead of putting TBW in the final judgment, the court should have said victim to be determined. And I think that actually happened in a related case where the final judgment said victim to be determined. But I think it was within the court's discretion. Well, what does that have to do with the question before us? You're now sort of criticizing the district court. Oh, no, I'm not criticizing. I think it was within its discretion to say TBW subject to, you know, TBW in the final judgment as a provisional matter. I think that was within its discretion, perhaps. And this court is saying, well, because it's in the, or at least Judge Saley is saying that because it was in the final judgment that that sort of firms it up. But I think it's at least rational. That sort of makes it, firms it up for appeal. If that restitution order wasn't final, you had no right to appeal it in the first place. But you did appeal it. So your predecessor counsel obviously thought it was a final order. I think it's, well, certainly the amount was final in the sense of there was a final determination adopted by the district court as to the amount owed. But, again, it made very clear that it's still provisional as to the restitution recipient. I only have a minute, about a minute, to discuss the merits if I may just quickly address that. A planned trust or trustee may not stand in the shoes of a bankrupt company. And I think unlike, the government discusses a scenario where the insurer suffers the losses of an insured. And this is unlike that because a trust or trustee does not suffer the losses of a bankrupt company, for one. For two, as the government itself points out, 3663A omits a company's bankruptcy estate or trust as entitled to restitution. The fealty of a trust is to creditors who are 100% beneficiaries of the restitution payments. TVW has no control over that. All the payments will go to the creditors who, of course, fully harmed in no way. And then with this trust, the sole purpose is to liquidate. There's no purpose to trade, contract, or otherwise conduct business. And then the final argument is that this court should not be in the business of awarding restitution, I'm sorry, to a company brought down by its own massive fraud, which counterintuitively relied on significantly impaired and or delinquent loans, like the deposit loans, to advance its overarching scheme. And unless there are other questions, I'll rest. Thank you. May it please the court, Fanula Tessier on behalf of the United States. Mr. Foley's arguments are precluded by, and inconsistent with, this court's prior decision in this case. But in any event, they find no support in either logic or the law. TVW's bankruptcy and the unrelated crimes of its former CEO do not negate the company's victim status. Look, you may say in any event, but there is an important principle involved in the law of the case issue. And that is whether counsel should make all the arguments available to them the first time around. Are you intending simply to skip over that and say there's no prejudice anyway? There's prejudice to the system. You're right, Your Honor. And I do believe that law of the case governs this. And the court need not reach Mr. Foley's arguments. Would you like to respond to her arguments since she spent almost her entire time on this issue? Certainly. I think the questions that the panel has asked were very insightful. It was the fact of the restitution order that did name TVW and was treated as a final order by the defendant and appealed. And in front of this court, rather than say this restitution order is still provisional because the district court has not named a final victim, the defendant actually sought to challenge the amount in the restitution order and not just the amount but also who is the proper victim. As to TVW in particular, Mr. Foley argued that for certain of the units, TVW that had been foreclosed upon, TVW was not the correct victim because TVW had sold those mortgages in the secondary market and they were owned by someone else at the time of foreclosure. So while Mr. Foley did not raise the argument about TVW's bankruptcy status, he certainly challenged TVW's status as a victim, at least with respect to certain of the foreclosures. In order to decide the law of the case question here, do we have to decide the effect of the so-called provisional order? What happens after the 90 days runs and the government hasn't filed anything? Do we have to get into all of that? I don't believe so because the argument that the order was incomplete because it's provisional should have been raised, if it were a proper argument, before this court in the first appeal. Of course, the 90 days had run by the time this court decided that appeal. And so if Mr. Foley's argument was there's a defect in the restitution order because of that, then he should have raised it then. Now, I think on the merits of that argument, a fair reading of what the district court did is it said, I'm going to order restitution be owed to TVW. But if it turns out that TVW can't collect on the restitution because it no longer exists, I'm giving the government 90 days to name a substitute victim. And since none of this was argued to us the first time around, unless we went hunting through the record to try to discover an issue, we wouldn't have known any of this. And doesn't that raise the specter of sandbagging of appellate courts? Isn't that really what the concern is that we should be dealing with here? That is a concern, Your Honor. And that's exactly right. This issue wasn't raised by, because this issue wasn't raised by counsel in the first appeal, and because the judgment itself, the final judgment that was appealed, did say that restitution was owed to TVW. Unless the court just happened to look at the exact right line in the sentencing transcript, it would have had no knowledge that there was any doubt as to the status of the restitution order. Even if we looked at the right line in the sentencing transcript, the law is pretty clear, isn't it, that the district court speaks to us through its decrees. If it enters an order that's unconditional on its face, we're entitled to take that order at face value. The fact that it may have said to counsel, if I get information within 90 days, I might see fit to modify the nature of the payee, that's all well and good, but that doesn't affect the status of the order. That's correct, Your Honor. And that's why I think one of the better readings of the sentencing transcript is not that the court was not entering a restitution order, but that the court was entering a restitution order and allowing that the government could name a substitute victim at some point in the future. Now, the defendant argues that it is too late to name a substitute victim, but of course the Supreme Court held in Dolan, and the district court cited this in its memorandum on remand, that the 90-day time period, it does not preclude the district court from later naming another victim. Well, yes, that may be so, but I'm not quite sure what that has to do with the concerns about finality that have motivated the questions from this panel. Well, I think the most important question here is, were these arguments available to Mr. Foley in his first appeal? And the answer is, of course, yes, because the bankruptcy of TBW and the conviction of its CEO, Mr. Farkas, were all final. TBW was in bankruptcy in August 2009, and the Fourth Circuit affirmed Mr. Farkas' conviction in June of 2012, all before the first appeal in this case, indeed before sentencing in the original sentencing. And as noted before, Mr. Foley did in fact challenge the restitution order, and again, not just the amount of it, but also the fact that TBW was not the proper recipient of restitution on certain of the mortgages. I'd also note that two of Mr. Foley's other arguments on appeal also related to similar issues. He argued that the evidence was insufficient to support his conviction because there was no evidence that the misrepresentations were material to TBW, and this court found that, noted in its first opinion, that lenders, including TBW, testified that but for Mr. Foley's material misrepresentations on the HUD-1 form, the mortgages would not have issued. And also when he challenged his sentence... So the government's view is that he argued first time around there were no victims? That's right. He did because he argued that there was no fraud because there was no material misrepresentation and that the banks didn't rely on the falsified HUD-1s. He also challenged the amount of loss in the sentencing calculation. He challenged the district court's guidelines calculation. And in his court, he argued that losses to TBW were not reasonably foreseeable to him. And his court said, no, the district court made the right loss calculation at sentencing. And he once again cited the fact that lenders testified at trial that they had in fact relied on material misrepresentations and that if they had known that the buyers of the condominiums were not proffering a down payment, they would not have issued the mortgages because a buyer who puts money into a transaction is less likely to be foreclosed upon. So ironically, this appeal is actually from a reduced restitution order to the defendant from over $2 million down to about $1 million. Is there any chance this is collectible? I think that the odds that the million dollars are collected are low. I'm not aware that Mr. Foley has much ability to pay restitution at the moment. That having been said, the government frequently requests restitution orders in the event that a defendant comes into some money because, of course, the purpose of the restitution statutes is to make sure that the victim is made whole. When you say the odds are low, that puzzles me. I think you mean the odds are high. In other words, the odds aren't very good. The odds are not very good that he will pay off his restitution. Okay, so they're 100 to 1, not 2 to 1. That's correct, Your Honor. I apologize. This comes out of the mortgage fraud scandal period in our history, a sad period. Have any of the victims received any restitution? Yes, they have, Your Honor. In fact, on remand, the district court reduced the restitution order, and I apologize, I can't recall the number right now. I just gave you those numbers. Have any of the victims received any restitution? They have, Your Honor, because I apologize, but I can't recall the name of the co-conspirator, but one of Mr. Foley's co-conspirators has made restitution payments. Mr. Foley, I don't believe has. That's part of the basis on which the district court reduced the restitution award from $2 million to close to $1 million. That's correct. Some of that reduction is because some restitution was received in the interim. That's correct, and restitution payments were made jointly and severally liable, as is common with restitution orders in conspiracy cases. I don't believe Mr. Foley has made any restitution payments at this point. I don't believe the district court has ordered a restitution payment schedule. That leads to my question. My question was really the ultimate victims. Have they received any restitution? Yes, TBW has received restitution, but not from Mr. Foley. I believe from his co-conspirators. Thank you. The district court has not yet entered a restitution payment schedule for Mr. Foley, but Mr. Foley is currently incarcerated, and so it is unusual for defendants to be able to pay much restitution during their period of incarceration. Thank you. If there are no further questions, thank you very much. Thank you. Just piggybacking off of the point about the court issuing a restitution payment schedule, I think it's a good point that it hasn't done that yet because it had to have the correct restitution recipient before doing that, and I think that's why when I inherited this case, and this is what I call question two to Chiarelli, is this issue newly relevant on remand? I certainly found this issue very relevant on remand, and I think that's exactly why the district court did not find law of the case or waiver or anything like that as an impediment to it going into the merits because it has to, of course, however the court wants to construe it, confirm or actually institute in the first instance the correct restitution recipient has to have that information before it can order a payment schedule. And the government also, as far as the merits, the government mentioned materiality insofar as the trial. In Gibbons, the court found, or of course in Gibbons, the government was not a co-conspirator with the defendant's crimes. The defendant's crimes certainly caused losses to the government, and yet this court read into the MVRA that a victim must be read restrictively and that the harm connotes passivity. And so in that case, the court found a clandestine provocation of crimes disqualified the government from victim status. And here I agree with the government's statement in the Farkas case that from 2002 to 2009, TBW would not have existed but for its rampant fraud. When TBW continued operating on the foundation of that fraud, it co-authored its losses by originating loans that should not have been permitted to make in the first place. Thank you, Your Honors.